**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DEVIN C. HAYES,**

      **Petitioner,**

**vs.**                                        **Case No. 4:10cv339-RH/WCS**

**DEPT. OF CORRECTIONS,**

      **Respondent.**

_____/

## REPORT AND RECOMMENDATION TO SUMMARILY DISMISS § 2254 PETITION

Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. An order was entered noting the petition was apparently untimely. Doc. 5. Petitioner was directed to file a response to the order, submitting any evidence or argument to demonstrate the petition was timely filed, and directed to file an amended petition. *Id.*

Petitioner did not file a response addressing the issue of timeliness, but he filed an amended petition. Doc. 6.

As noted in the order (incorporated herein by reference), there is a one year limitations period for filing a § 2254 petition which (absent exceptions previously

enumerated) generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Doc. 5, p. 1 and n. 1 (citations omitted). The period is tolled for the time during which a "properly filed" application for relief is pending in state court, or may be equitably tolled in extraordinary circumstances. *Id.*, pp. 1-2 (citing § 2244(d)(2), other citation omitted). I determined that Petitioner's judgment became final on August 16, 2006, so (absent tolling or a later commencement date) the one year to file a § 2254 petition expired on August 16, 2007. *Id.*, p. 2 and n. 3 (citations omitted).

According to the dates indicated in the initial petition and attachments thereto, it appeared that all of Petitioner's potentially tolling documents were filed in state court after the one year had already expired, when there was no time left to toll. *Id.*, pp. 2-3 (citation omitted). The petition was therefore untimely unless there was a later commencement date for the one year period or tolling activity earlier than indicated in the petition. *Id.*, p. 3.

A review of the amended petition does not reveal any other dates relevant to the timeliness analysis. Further, despite the discussion of the rules governing the limitations period and a specific direction for Petitioner to respond to this issue, no response was filed. The petition should be dismissed as untimely.

Pursuant to § 2254 Rule 11(a), the court must issue or deny a certificate of appealability when entering a final order adverse to a § 2254 petitioner. It is recommended that Petitioner be denied a certificate of appealability, as he has not made a substantial showing of the denial of a constitutional right. § 2253(c)(2). If

Petitioner files objections to this recommendation he may also address whether a certificate of appealability should issue. § 2254 Rule 11(a).

It is therefore respectfully **RECOMMENDED** that the § 2254 petition, challenging the judgment of the Second Judicial Circuit, in and for Leon County, case 2004-CF-235, be summarily **DISMISSED** as untimely, and that a certificate of appealability be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 11, 2011.


S/     William C. Sherrill, Jr.     
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.